UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:11-cv-01605-PAB-MEH

AURORA BANK FSB and AURORA LOAN SERVICES, LLC,

      Plaintiffs,

v.

PMC BANCORP, f/k/a Professional Mortgage Corp.,
a California corporation; and DOES 1 through 50, inclusive,

      Defendants.

**SETTLEMENT AGREEMENT OF ALL PARTIES**

Attached hereto is a signed Settlement Agreement executed by AURORA BANK, FSB, AURORA LOAN SERVICES, LLC and PMC BANCORP.

Dated: May 23, 2013      By:

THE WALKER LAW FIRM, APC

_____
Joseph A. Walker, #047223
1301 Dove Street, #720
Newport Beach, CA 92660
Telephone: (949) 752-2522
Email: jwalker@twlf.net
*Attorneys for Defendant, PMC BANCORP*

## SETTLEMENT AGREEMENT WITH MUTUAL RELEASES

This Settlement Agreement with Mutual Releases, including all exhibits attached hereto (collectively **Agreement**), is entered into this 23rd day of ~~April~~ May 2013, by and between Lehman Brothers Bank FSB n/k/a Aurora Bank FSB and Aurora Loan Services LLC (collectively **Aurora**) and PMC Bancorp (**PMC**). Each of the foregoing parties is sometimes referred to herein as a **Party** and collectively as the **Parties**.

### RECITALS

A.   Aurora and PMC are parties to multiple, specific residential mortgage loan purchase agreements (**LPAs**).

B.   PMC sold numerous residential mortgage loans to Aurora under the LPAs.

C.   A dispute has arisen between Aurora and PMC concerning whether PMC is obligated under the LPAs to indemnify Aurora for losses arising from or relating to certain mortgage loans purchased by Aurora from PMC.

D.   In connection with the dispute, a lawsuit is pending between the Parties in the United States District Court for the District of Colorado, captioned as *Aurora Bank FSB and Aurora Loan Services LLC v. PMC Bancorp f/k/a Professional Mortgage Corp. and DOES 1 through 50*, civil action no. 11-cv-01605-RBJ-MEH. The Lawsuit concerns certain residential mortgage loans, identified therein. On June 20, 2012, Plaintiffs in the Lawsuit filed a First Amended Complaint identifying three specific mortgage loans (the **Lawsuit**).

E.   On February 21, 2013, the Parties participated in a settlement conference before Magistrate Judge Craig Shaffer, U.S. District Court for the District of Colorado, during which the parties reached a Settlement. The terms of said settlement were memorialized on the Court record (the **Settlement**). The transcript of the Settlement from the Court record is attached hereto as **Exhibit A (the Settlement Transcript)**, and incorporated herein and made a part hereof by reference. Should a conflict arise between the language of this Agreement and the Settlement Transcript, the terms of the Settlement Transcript shall be binding.

NOW THEREFORE, in consideration of the promises, agreements, and mutual covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

/ / /

/ / /

(5-21-13)                                     - 1 -                              AURORA _____
                                                                                   PMC _____

## AGREEMENT AND RELEASE

**Section 1. Settlement Amount.**
PMC hereby agrees to pay Aurora, via wire transfer of funds at Aurora's direction, the total sum of One Hundred Fifty Thousand Dollars ($150,000.00) (the Settlement Amount) within 60 days of execution of this Agreement.

**Section 2. Dismissal of the Lawsuit.**
No later than five (5) court days following the wire by PMC of the Settlement Amount as set forth in Section 1, the Parties agree to file a Stipulation to Dismiss the Lawsuit with prejudice, in the form attached hereto as **Exhibit B**. Each party is to bear its own attorneys' fees and costs originating from or relating to the Lawsuit.

**Section 3. Release by Aurora.**
Aurora, for itself, as well as for its respective officers, directors, employees, agents, successors, assigns, affiliates, members, managers and other representatives, hereby completely, unconditionally, and forever releases, acquits, and discharges PMC as well as its successors, assigns, members, managers, officers, directors, employees, agents, divisions, affiliates, and other representatives with respect to any and all actions, causes of action, claims, counterclaims, debts, demands, liabilities, losses, and damages relating to the Lawsuit.

**Section 4. Release by PMC.**
PMC, for itself, as well as for its successors, assigns, affiliates, members, managers, officers, directors, employees, principals, agents, and other representatives hereby completely, unconditionally, and forever release, acquit, and discharge Aurora, as well as its successors, assigns, officers, directors, employees, agents, divisions, affiliates, and other representatives, with respect to any and all actions, causes of action, claims, counterclaims, debts, demands, liabilities, losses, and damages relating to the Lawsuit.

**Section 5. No Third Party Beneficiaries.**
It is specifically understood and agreed that the foregoing release shall not extend to or be for the benefit of third parties unaffiliated with the Parties, including but not limited to borrowers, appraisers, title companies, insurers, or others involved in the underlying mortgage transactions, none of whom shall have any rights hereunder, including but not limited to rights as a third party beneficiary.

**Section 6. Release Conditions.**
Nothing contained herein shall release, or otherwise discharge, or in any manner affect any and all claims between the Parties that may exist, whether sounding in tort, contract, or otherwise, that arise out of events, transactions, occurrences, or contracts relating to any loan except for the Lawsuit.

Specifically, without limitation, it is understood and agreed that the releases, acquittals, and discharges given herein shall only apply to the Lawsuit. It is mutually agreed the releases provided herein shall not be effective until such time as PMC wires the Settlement Amount, as set forth in Section 1 above.

(5-21-13)   - 2 -   AURORA _[signature]_
PMC _____

Section 7. <u>Releases Valid Even If Additional or Different Facts</u>.
The Parties acknowledge they may discover facts, which are additional to or different from those, which they now know or believe to be true regarding the Lawsuit. Nonetheless, it is the Parties' intent to fully and finally compromise and settle all claims which exist between them (but not against third parties) arising from or relating to the Lawsuit. To effectuate that intention, the releases given herein shall be and shall remain full and complete releases regarding <u>the Lawsuit</u>, notwithstanding the discovery of any additional or different facts by any Party.

Section 8. <u>No Release For Breach of This Agreement</u>.
Nothing contained herein is intended to release any party hereto from any claims, rights, or causes of action arising from or relating to a breach of this Agreement.

Section 9. <u>Covenants Not to Sue</u>.
The Parties covenant or otherwise promise they will not sue the other in any capacity with respect to any claim arising from the Lawsuit, or seek damages, contribution, or indemnity from the other based on the Lawsuit.

Section 10. <u>Further Assurances</u>.
The Parties agree to execute and deliver such documents and perform such other acts, promptly upon request by the other Party, as may be reasonably necessary or appropriate to effectuate the purposes of this Agreement.

Section 11. <u>Governing Law/Jurisdiction And Venue</u>.
This Agreement shall be governed by and construed under the laws of the State of New York. In the event of litigation arising from or relating to this Agreement, the Parties agree venue shall be proper in the District of Colorado, and that the Settlement Court shall retain jurisdiction to hear any such disputes. The Parties hereby consent to the jurisdiction of said court in the event of such litigation.

Section 12. <u>Voluntary Agreement</u>.
The Parties acknowledge they have had a full and fair opportunity to consult with legal counsel of their own choosing throughout all negotiations, which preceded the execution of this Agreement, and in connection with their execution of this Agreement. The Parties represent they have read this Agreement, understand it, voluntarily agree to its terms, and sign it freely.

Section 13. <u>Entire, Integrated Agreement</u>.
This Agreement and Settlement Transcript constitute the entire integrated settlement between the Parties and contain the sole and entire agreement of the Parties regarding their dispute concerning the Lawsuit. This Agreement and the Settlement Transcript supersede and replace all prior negotiations, proposed agreements, and agreements concerning the Lawsuit. The Parties acknowledge that no Party and no agent, representative, or attorney of any Party has made any promise or representation whatsoever, express or implied, concerning the subject matter of this Agreement (or to induce the execution of this Agreement) which is not expressly set forth herein. Amendment or modification of this Agreement must be set forth in a writing signed by all Parties. If there is a dispute or ambiguity between this Agreement and the Settlement Transcript, the Settlement Transcript shall be binding.

(5-21-13)   - 3 -   AURORA _[signature]_
                    PMC _____

Section 14. **Time Is of The Essence.**
The Parties acknowledge time is of the essence under this Agreement, including but not limited to payment of the Settlement Amount and filing of the stipulated dismissal, as set forth in Sections 1 and 2, respectively.

Section 15. **Denial of Wrongdoing or Liability.**
This Agreement is entered into solely for purpose of effectuating a settlement and release. Accordingly, except as set forth herein, each Party acknowledges the other has admitted no fault, wrongdoing, liability, obligation, or admission of any facts, contentions, or allegations set forth in the Lawsuit. In fact, each Party denies any and all such fault, wrongdoing, liability, obligation, or allegation set forth in the Lawsuit.

Section 16. **Severability of Provisions.**
Every provision of this Agreement is intended to be severable. Accordingly, should any provision be declared illegal, invalid, or otherwise unenforceable by a court of competent jurisdiction, such illegality, invalidity, or unenforceability shall not effect the remaining provisions, which shall remain fully valid, binding, and enforceable.

Section 17. **Indulgences; No Waivers.**
Neither the failure nor any delay on the part of a Party to exercise any right, remedy, power, or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of any right, remedy, power, or privilege preclude other or further exercise of the same or any other right, remedy, power, or privilege, nor shall any waiver of any right, remedy, power, or privilege with respect to any occurrence be construed as a waiver of such right, remedy, power, or privilege with respect to any other occurrence. No waiver shall be effective unless it is in writing and is signed by the Party asserted to have granted such waiver.

Section 18. **Headings Not to Affect Interpretation.**
The headings contained in this Agreement are for convenience and reference purposes only, and shall not in any way be construed as effecting the meaning or interpretation of the text of this Agreement.

Section 19. **No Drafting Party.**
No party shall be deemed the "drafting party" of this Agreement. Consequently, this Agreement shall be construed as a whole, according to its fair meaning and intent, and not strictly construed for or against any party hereto.

Section 20. **Successors and Assigns.**
This Agreement shall be binding in all respects upon and inure to the benefit of the Parties, as well as their respective successors and assigns.

Section 21. **Authority.**
Each person executing this Agreement on behalf of a Party represents and warrants that he or she has received all necessary power and authority to do so.

Section 22. **Counterparts**.
This Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which taken together shall constitute one and the same instrument. Each Party shall provide to the other Party an originally executed copy of this Agreement.

Section 23. **Ownership Of Claims**.
The Parties represent they have not assigned or otherwise transferred, to any person or entity, any claim, or any portion thereof, arising from or related to the Lawsuit released herein. The Parties represent they are the real party in interest to pursue their respective claims in the matters described in this Agreement, and further represent there are no other persons with liens or rights of subrogation arising from or related to the claims released herein.

Section 24. **Attorneys Fees/Costs**. The Parties shall each bear all of their own attorneys' fees and costs related to the Lawsuit.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed as of the date first set forth above.

AURORA BANK FSB
Signature: _Stamaya_
By: _Stephanie Camara_
Title: _SVP_

Dated May 23, 2013

AURORA LOAN SERVICES LLC
Signature: _[signature]_
By: _Robert J. Leist, Jr._
Title: _CFO_

Dated May 23, 2013

PMC BANCORP
Signature: _GCafcalas_
By: Constantine Cafcalas
Title: Executive Managing Director

Dated May 21, 2013

APPROVED AS TO FORM AND CONTENT:

Dated: May ___, 2013                         **AKERMAN SENTERFITT, LLP**

                                    By:      _____
                                             Christopher P. Carrington
                                             Attorneys for Aurora Bank FSB and
                                             Aurora Loan Services LLC


Dated: May __, 2013                          **THE WALKER LAW FIRM, PC**

                                    By:      _____
                                             Joseph A. Walker
                                             Attorneys for PMC Bancorp

(5-21-13)                                    - 6 -                              AURORA ____
                                                                                PMC ____

APPROVED AS TO FORM AND CONTENT:

Dated: May 23, 2013         AKERMAN SENTERFITT, LLP

                            By: _____[signature]_____
                            Christopher P. Carrington
                            Attorneys for Aurora Bank FSB and
                            Aurora Loan Services LLC


Dated: May 1, 2013          THE WALKER LAW FIRM, PC

                            By: _____[signature]_____
                            Joseph A. Walker
                            Attorneys for PMC Bancorp

# EXHIBIT A
[SETTLEMENT TRANSCRIPT]

1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Case No. 11-cv-01605-RBJ-MEH

---

AURORA BANK FSB, et al.,

    Plaintiffs,

vs.

PMC BANCORP,

    Defendant.

---

Proceedings before CRAIG B. SHAFFER, United States Magistrate Judge, United States District Court for the District of Colorado, commencing at 2:12 p.m., February 21, 2013, in the United States Courthouse, Denver, Colorado.

---

WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED...

---

APPEARANCES

CHRISTOPHER CARRINGTON, Attorney at Law, appearing for the plaintiffs.

JOSEPH WALKER, Attorney at Law, appearing for the defendant.

---

SETTLEMENT PLACED ON THE RECORD - SEALED

2

```
 1                    P R O C E E D I N G S
 2              (Whereupon, the within electronically recorded
 3    proceedings are herein transcribed, pursuant to order of
 4    counsel.)
 5              THE COURT: All right, we are on the record. This
 6    is 11-cv-1605, Aurora Bank FSB, et al., versus PMC Bancorp.
 7    The parties are here today for a settlement conference. I
 8    have spoken to the parties collectively, and then I have met
 9    with each side individually. Based upon my discussions,
10    it's my understanding that the parties have reached a
11    settlement.
12              And so as I told you all when we were off the
13    record, I'm going to summarize the terms of the settlement.
14    To the extent that I either miss -- misrepresent the terms
15    or I omit a term, let me know and we'll clear them up. And
16    once we get the terms, the principal terms on the record to
17    everyone's satisfaction, I'll ask the parties if they're
18    prepared to settle on those terms.
19              So here is what I understand the settlement to be.
20    It is my understanding that plaintiff -- or plaintiffs
21    plural -- have agreed to dismiss the claims in this case
22    with prejudice, which means these claims and any matters
23    with respect to these loans are forever resolved. In return
24    for dismissing this lawsuit and these two claims with
25    prejudice, PMC agrees that it will pay to plaintiffs the
```

1  total amount of $150,000. Payment of the $150,000 must be
2  completed within 60 days of executing the settlement
3  agreement. As part of the settlement, each side agrees that
4  they will bear their own fees and costs, so the total amount
5  to be paid is $150,000.
6       I think it should be implicit, but I want to make
7  it clear. In connection with dismissing this lawsuit with
8  prejudice, the parties are also going to release each other
9  from any and all claims they have or could have had relating
10 to these two loans. So essentially there will be no further
11 litigation about these loans, either in this case or some
12 other case. And, I think, that's the complete settlement,
13 but if there's something I've missed, let me know.
14      MR. CARRINGTON: One term, Your Honor, was that
15 we'd have -- receive a draft within two weeks from tomorrow.
16      THE COURT: Oh, okay, that's something you guys
17 discussed, that's --
18      MR. CARRINGTON: Oh, okay.
19      MR. WALKER: It's not part of the agreement.
20      And then the -- remember, we had the discussion
21 that when PMC makes its payment, it will pay at the
22 plaintiffs' direction.
23      THE COURT: Right. Okay.
24      Now, I think that's fine, so are there any other
25 provisions that we have missed or omitted?

```
 1              MR. WALKER: Your Honor, may I ask (inaudible) a
 2     question?
 3              THE COURT: Sure.
 4              MR. WALKER: A point of clarification.
 5              THE COURT: Right.
 6              MR. WALKER: We're paying -- not we, the bank,
 7     defendant bank is paying the money in full settlement of
 8     this action being dismissed with prejudice, is that the
 9     agreement?
10              THE COURT: Right.
11              MR. WALKER: Thank you.
12              THE COURT: Now, let me raise just one other
13     question. As I said, once we have a settlement on the
14     record, you folks have, for all intents and purposes, an
15     enforceable deal. Normally what I would do is I would at
16     the conclusion specify a date certain by which you will file
17     a stipulated Motion to Dismiss. Now, if you've got two
18     weeks to prepare a draft, two weeks from today's date would
19     get you to March 7th.
20              Now, you tell me, because I don't have strong
21     feelings about this one way or the other. Was it your
22     expectation or understanding that the stipulated Motion to
23     Dismiss would not be filed until the 60-day period had run,
24     or was it your intention to file a stipulated Motion to
25     Dismiss? Tell me what you had in mind.
```

```
 1            MR. CARRINGTON: Well, if the agreement is that
 2   they'll pay within 60 days of the settlement, I think I'd
 3   prefer to file it as soon as payment's received.
 4            THE COURT: In other words, so basically --
 5            MR. CARRINGTON: 60 days or less.
 6            THE COURT: -- what you would do is just
 7   hypothetically -- let's say, for instance, you get a draft
 8   to them by March 7th and let's say the settlement agreement
 9   is signed by March 14th, that means payment would have to be
10   received on or before May 14th, and then you're proposing
11   you would file the stipulated Motion to Dismiss shortly
12   thereafter.
13            MR. CARRINGTON: Correct, Your Honor. We could put
14   in a provision within five business days of receipt of
15   payment or something like that.
16            THE COURT: Any problem with that, Counsel?
17            MR. WALKER: No problem.
18            THE COURT: Okay. All right. So why don't we do
19   this: Well, based upon those principal terms, let me ask
20   the representative for Aurora. Are you -- is your client
21   prepared to settle on those terms?
22            UNIDENTIFIED SPEAKER: Yes, Your Honor. Thank you.
23            THE COURT: And you -- and you have spoken to your
24   client and you have authority to do that?
25            UNIDENTIFIED SPEAKER: I have, yes, Your Honor.
```

6

1       THE COURT: And is the defendant prepared to settle
2  on those terms?
3       MR. WALKER: Mr. Cafcalas?
4       MR. CAFCALAS: Yes, Your Honor, we are.
5       THE COURT: Okay. Now, I will report to Judge
6  Jackson that you've reached a settlement. I'll require that
7  the parties exchange a draft of the proposed settlement
8  agreement within two weeks of today's date. I will also
9  direct that the parties notify my chambers, and you just --
10 gentlemen, put together a conference call, notify my
11 chambers when you have a signed settlement agreement so we
12 can just sort of mentally tickle this process.
13      MR. CARRINGTON: Okay.
14      THE COURT: And I think we're good, unless somebody
15 has something else they want to talk about.
16      I will go from here, I will talk to Judge Jackson.
17 I will advise him that we've reached a settlement, the
18 parties have memorialized the settlement on the record, and
19 that based upon that I think he has -- or should have
20 complete confidence in vacating your trial date, and I'm
21 assuming, counsel, you share in my confidence.
22      MR. CARRINGTON: I do, and I agree with that, Your
23 Honor, and so do we need to file a notice of settlement?
24      THE COURT: No.
25      MR. CARRINGTON: Okay.

7

1         THE COURT: Just all you need to do is file a
2 stipulated Motion to Dismiss, and I'll simply -- and we'll
3 just agree that the stipulated Motion to Dismiss will be
4 filed within five day business days of receipt of payment.
5         MR. WALKER: Okay, one last point.
6         THE COURT: Sure.
7         MR. WALKER: If there is some -- for some
8 unforeseen reason an inability to agree on the wording of
9 the settlement agreement, could --
10         THE COURT: Pick up the phone and call me.
11         MR. WALKER: Thank you.
12         MR. CARRINGTON: Okay.
13         THE COURT: Okay. Thanks, folks.
14         MR. CARRINGTON: Thank you, Your Honor.
15         MR. WALKER: Thank you very much for your time.
16         THE COURT: You got it.
17         MR. WALKER: Now that we all know each other.
18         (Whereupon, the within hearing was then in
19 conclusion at 2:19 p.m. on February 21, 2013.)
20         I certify that the foregoing is a correct
21 transcript, to the best of my knowledge and belief, from the
22 record of proceedings in the above-entitled matter.
23
24     /s/ Bonnie Nikolas                 February 28, 2013
25     Signature of Transcriber              Date

**EXHIBIT B**
[STIPULATION TO DISMISS LAWSUIT]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01605-RBJ-MEH

AURORA BANK FSB and AURORA LOAN SERVICES LLC

Plaintiffs,

v.

PMC BANCORP, f/k/a Professional Mortgage Corp.,
a California corporation; and DOES 1 through 50, inclusive.

Defendants.

## STIPULATION TO DISMISS ACTION WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 41

Plaintiffs Aurora Bank FSB, f/k/a Lehman Brothers Bank, FSB, and Aurora Loan Services, LLC (collectively, **Aurora**), and PMC Bancorp (**PMC**) hereby submit the Parties' joint stipulation to dismiss the above-captioned action with prejudice pursuant to FED. R. CIV. P. 41(a)(1)(A)(ii).

### RECITALS

1. On or about June 17, 2011, Aurora filed a Complaint against PMC.

2. On or about July 18, 2011, PMC filed its Answer to the Complaint.

3. On or about June 20, 2012, Aurora filed its First Amended Complaint.

4. Subsequent thereto, on February 21, 2013, the Parties reached a settlement after attending a settlement conference before the Honorable Magistrate Judge Shaffer.

5. The Parties have memorialized and executed a settlement agreement.

## STIPULATION

Aurora and PMC, through their respective counsel, jointly stipulate and request that the Court dismiss the above-captioned action with prejudice and close the case.

Dated this ___ day of April, 2013.

Respectfully submitted,

By: */s/ Christopher P. Carrington*
Christopher Carrington
**AKERMAN SENTERFITT LLP**
*Attorneys for Plaintiffs*

By: _____
Joseph A. Walker, Esq.
**WALKER LAW FIRM, APC**
*Attorneys for Defendant*